Sagaponack Realty v. Village of Sagaponack

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                         *Circuit Judges*.
_____

SAGAPONACK REALTY, LLC, SAGAPONACK VENTURES, LLC.,
MARC GOLDMAN,

                 *Plaintiffs-Appellants*,

                 v.                                          18-2940-cv

VILLAGE OF SAGAPONACK, DONALD LOUCHHEIM, LEE FOSTER,
WILLIAM BARBOUR, LISA DURYEA THAYER, JOY SIEGER,

                 *Defendants-Appellees*.
_____

Appearing for Appellant:     Aaron J. Solomon, Oved & Oved LLP (Darren Oved, Michael
                             Kwon, *on the brief*), New York, N.Y.

Appearing for Appellee:      Steven C. Stern, Sokoloff Stern LLP, Carle Place, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Sagaponack Realty, LLC, Sagaponack Ventures, LLC and Marc Goldman (collectively "SRLLC") appeal from the September 6, 2018 judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*) granting the motion to dismiss brought by defendants Village of Sagaponack, Donald Louchheim, Lee Foster, William Barbour, Lisa Duryea Thayer, and Joy Sieger (collectively the "Village"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"This Court reviews *de novo* the grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Mirkin v. XOOM Energy, LLC*, 931 F.3d 173, 176 (2d Cir. 2019) (internal quotation marks and alterations omitted).

SRLLC first challenges the district court's dismissal of its equal protection claim on the ground that SRLLC failed to plead an adequate comparator. "In order to establish a violation of equal protection based on selective enforcement, the plaintiff must ordinarily show (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as [] intent to inhibit or punish the exercise of constitutional rights." *LaTrieste Restaurant v. Village of Port Chester*, 188 F.3d 65, 69 (2d Cir. 1999) (citation and internal quotation marks omitted). We agree with the district court that plaintiffs failed to plead an adequate comparator: while the same property is involved in both applications, site plan applications and subdivision applications are not the same.

SRLLC next argues that the district court erred in dismissing its takings claim as unripe. "Ripeness is a jurisdictional inquiry," and we are required to "presume that we cannot entertain [plaintiffs'] claims unless the contrary appears affirmatively from the record." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (internal quotation marks omitted). Before the Supreme Court's recent decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), the law in the Second Circuit provided that a takings claim was not ripe unless the property owner could show "that (1) the state regulatory entity has rendered a 'final decision' on the matter, and (2) the plaintiff has sought just compensation by means of an available state procedure." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Williamson Cty. v. Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194-95 (1985)). *Knick* eliminated the state-exhaustion requirement as "an unjustifiable burden on takings plaintiffs. . . ." 139 S. Ct. at 2167.

But *Knick* leaves undisturbed the first prong, that a state regulatory agency must render a final decision on a matter before a taking claim can proceed. *See id.* at 2169 ("Knick does not question the validity of this finality requirement, which is not at issue here."). The district court found the takings claim was not ripe because a final decision had not been made on the 2016 Subdivision Application. We agree. Nor are we persuaded by SRLLC's argument that waiting for a final decision is futile. "[T]he finality requirement is not mechanically applied. A property owner, for example, will be excused from obtaining a final decision if pursuing an appeal to a

2

zoning board of appeals or seeking a variance would be futile. A property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Murphy*, 402 F.3d at 349. Here, the Village is withholding a final decision on the competing applications made for use of the property pending a decision by the state courts as to which party has the authority to proceed. While SRLLC may be frustrated by the slow movement of the litigation in the state court, there is nothing in the record to indicate that the state courts will never rule, or that the Village will not proceed to a decision on SRLLC's application after such a ruling is made.

We have considered the remainder of SRLLC's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk